1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luis Torres-Gomez, | No. CV09-2122-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Litton Loan Servicing; Ocwen Loan Servicing, | |
| Defendants. | |

Currently pending before the Court are Motions to Dismiss by Defendant Litton Loan Servicing ("Litton")(Doc. #10) and Defendant Ocwen Loan Servicing LLC ("Ocwen")(Doc. #11). The Court now rules on the Motions.

## I. BACKGROUND

On September 1, 2006, Plaintiff Louis Torres-Gomez and his wife (at least at the time), Carmen Torres, executed a Deed of Trust covering the residential property at 11308 Hazelwood Street, Phoenix, Arizona 85037. The lender for the transaction was DHI Mortgage Company, Ltd. ("DHI").[1] The Trustee was DHI Title of Arizona, Inc. ("DHI

---

[1] Litton attached the Deed of Trust as an Exhibit to its Motion to Dismiss (Ex. A to Motion to Dismiss (Doc. #10-1)). The Court can consider the Deed of Trust without converting the Motions to motions for summary judgment because Plaintiff's claims necessarily rely on the Deed and he does not dispute its authenticity. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1997), superseded by statute on other grounds, as stated in

1  Title"), and Mortgage Electronic Registration Systems, Inc. ("MERS"), the beneficiary of
2  the Deed, acted as the nominee for Lender and its successors and assigns.

3     Plaintiff and his wife financed the purchase of the property through two loans from
4  DHI, evidenced by a promissory note in the amount of $222,521.00. The first loan is
5  serviced by Litton. The second loan is serviced by Ocwen. On April 24, 2009, due to
6  Plaintiff's failure to make his mortgage loan payments, a Substitution of Trustee and Notice
7  of Trustee's Sale were executed and recorded.

8     Plaintiff filed this case in state court on September 4, 2009. Defendant Litton
9  removed on October 8, 2009. (Doc. #1.) Defendant Ocwen joined in the Removal on
10 October 13, 2009. (Doc. #7.)

11     Defendant Litton filed its Motion to Dismiss on October 16, 2009. (Doc. #10.)
12 Defendant Ocwen filed its Motion to Dismiss on October 28, 2009. (Doc. #11.) Both
13 Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.    LEGAL STANDARD

15     To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the
16 requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and
17 plain statement of the claim showing that the pleader is entitled to relief," so that the
18 defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell*
19 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41,
20 47 (1957)).

21     Although a complaint attacked for failure to state a claim does not need detailed
22 factual allegations, the pleader's obligation to provide the grounds for relief requires "more
23 than labels and conclusions, and a formulaic recitation of the elements of a cause of action
24 will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The factual allegations
25 of the complaint must be sufficient to raise a right to relief above a speculative level. *Id*.
26 Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief.

---

28 *Abrego v. The Dow Chem. Co*, 443 F.3d 676 (9th Cir. 2006).

Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1202, pp. 94, 95(3d ed. 2004)).

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than naked assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 129 S.Ct. At 1949. Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id*. "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (citing *Twombly*, 550 U.S. at 557).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### III. ANALYSIS AND CONCLUSION

<u>Failure to Join a Required Party</u>

Defendant Litton argues in its Motion that the Court should dismiss this case because Plaintiff failed to join a required party; Plaintiff's wife, Carmen Torres. A failure to join a party defense is properly brought pursuant to Rule 12(b)(7), not 12(b)(6).

Rule 19(a)(1) provides:

> A person who is subject to service of process and whose joinder would not deprive the court of subject-matter jurisdiction must be joined as party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>     (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
>     (ii) leave an existing party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest.

Fed.R.Civ.P. 19(a)(1).

Arizona is a community property state. Spouses have equal management, control, and rights over their community property. A.R.S. §25-214(B). But both spouses must join in any transaction "for the acquisition, disposition or encumbrance of an interest in real property other than an unpatented mining claim or a lease of less than one year." A.R.S. §25-214(C)(1). In accordance with Arizona law, both Plaintiff and his wife signed the Deed of Trust.

Because of community property laws, both Plaintiff and his wife have an equal interest in the property that is the subject of this case, and both of them have the same, if any, claims resulting from the mortgage loan against Defendants. If Plaintiff's wife is not joined as a plaintiff in this case, Defendants run a substantial risk of incurring double or otherwise inconsistent obligations if Carmen Torres later decides to file a separate case. Further, Plaintiff has asked the Court to quiet title to the property in him. If this law suit is considered a "transaction" under A.R.S. §25-214(C)(1), the Court could not grant Plaintiff's requested relief without the joinder of Carmen Torres.

Moreover, some of the causes of action alleged by Plaintiff allow for the award of attorneys' fees to the prevailing party. Under Arizona community property law, a judgment against one spouse, such as a judgment for an award of attorneys' fees, does not bind the community. *See Weimer v. Maricopa County Comm. College Dist.*, 184 F.R.D. 309, 310

1  (D.Ariz. 1998). In order to execute a judgment on community property, both spouses must
2  be named. *Id.* If Defendants prevailed in this action and moved for their attorneys fees, the
3  Court potentially could not afford full relief without the joinder of Carmen Torres because
4  any award of attorneys' fees would not bind their community property. *Id.* at 310-311.

Because the Defendants run the risk of double or inconsistent exposure and inability to receive full relief on a possible request for attorneys' fees, the Court finds that Carmen Torres is a required party pursuant to Rule 19. Having found that she is a required party, the Court must determine whether her joinder is feasible.

In his two-page response to the Motions to Dismiss, Plaintiff's counsel did not respond to the failure to join argument. The Court therefore has no way of knowing if Carmen Torres is subject to service of process. Presumably, she continues to reside with Plaintiff in Arizona and therefore is subject to service. And the Court would retain subject matter jurisdiction in this case regardless of Carmen Torres's state residency because Plaintiff has alleged federal causes of action.

The Court has no reason to think that Carmen Torres cannot be joined as a plaintiff in this case. The Court therefore does not need to perform Rule 19(b)'s analysis regarding whether this case should, in equity and good conscience, be dismissed.

But because the Court has found Carmen Torres is a required party, the Court will order Plaintiff to file an Amended Complaint naming her as an additional plaintiff. If for some reason Plaintiff cannot join Carmen Torres as a plaintiff, he shall state in the Amended Complaint the reasons for not joining her as set out in Federal Rule of Civil Procedure 19(c)(2). The Court notes that even if Plaintiff and Carmen Torres are no longer married, she could still have claims against Defendants and should be joined.

Plaintiff shall have thirty (30) days from the date of this Order to file his Amended Complaint. If Plaintiff does not file an Amended Complaint within thirty (30) days of the date of this Order, the Clerk of the Court shall dismiss this action without further notice to Plaintiff pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with a Court Order.

The filing of the Amended Complaint will moot Defendants' Motions to Dismiss because the Motions no longer will respond to the operative pleading. The Court therefore will deny the Defendants' Motions to Dismiss.[2] The Court cautions Plaintiff, however, that Defendants' arguments for dismissal appear to have great merit.

Specifically, but without limitation, the Court doubts whether Plaintiff can state a claim under the Truth in Lending Act against parties that did not originate the mortgage loan. In addition, this Court previously has held that parties do not have to possess the original promissory note in order to notice a Trustee sale. *See, e.g., Mansour v. Cal-Western Reconveyance Group*, 618 F.Supp.2d 1178, 1181 (D. Ariz. 2009).

Plaintiff should keep the above issues in mind when drafting his Amended Complaint. The Court further cautions Plaintiff that his Amended Complaint must satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a) as set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). And if Plaintiff wants to make fraud or fraud-like allegations, those allegations must meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).

Finally, the Court has been advised that Plaintiff Luis Torres-Gomez and Carmen Torres have sought bankruptcy protection under Chapter 13 in Cause No. 2:10-bk-05373-JMM. The bankruptcy trustee for that case is Edward Maney. If the trustee intends to substitute or intervene in this case, he shall do so within thirty (30) days of the date of this Order.

Accordingly,

IT IS ORDERED DENYING as moot Defendants' Motions to Dismiss (Doc.

---

[2] The Court likely would have allowed Plaintiff to file an Amended Complaint even if he had joined his wife and the Motions were well taken. Rule 15(a)'s automatic right to amend a pleading once before a responsive pleading has been filed survives the granting of a motion to dismiss pursuant to Rule 12(b)(6). *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). A motion to dismiss is not a responsive pleading within the meaning of Rule 15(a). *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984)(internal citations omitted).

##10&11).

IT IS FURTHER ORDERED that Plaintiff shall file an Amended Complaint within thirty (30) days of the date of this Order. If Plaintiff fails to file an Amended Complaint within that time, the Clerk of the Court shall dismiss this case without further notice to Plaintiff pursuant to Federal Rule of Civil Procedure 41(b).

IT IS FURTHER ORDERED that if the bankruptcy trustee for Plaintiff's Chapter 13 bankruptcy intends to substitute or intervene in this case, he must do so within 30 days of this Order.

IT IS FURTHER ORDERED that, as soon as possible, counsel for Defendant Litton Loan Servicing shall mail a copy of this Order to Edward J. Maney at P.O. Box 10434, Phoenix, AZ 85064-0434.

DATED this 7th day of June, 2010.

James A. Teilborg
United States District Judge